UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robin Magee,

       Plaintiff,

 v.

Trustees of the Hamline University,
Minnesota, Donald Lewis, David Titus
(in his individual capacity), John Does
1-5,

       Defendants.

Case No. 11-CV-00949 (JRT/AJB)

**OBJECTIONS OF DEFENDANT
DONALD LEWIS TO THE
REPORT AND RECOMMENDATION
DATED OCTOBER 15, 2012**

Defendant Donald Lewis respectfully submits these objections to the October 15, 2012 Order and Report & Recommendation ("R & R") of the Honorable Arthur J. Boylan. [DOC 56].

## I.    INTRODUCTION

Magistrate Judge Boylan recommends dismissal of all claims brought by Plaintiff Robin Magee ("Magee") under 42 U.S.C. § 1983 ("Section 1983") on the merits and with prejudice. (R & R at 24). He also recommends dismissal of the remaining two supplemental state law claims against Trustees of Hamline University ("Hamline") and Dean Donald Lewis ("Dean Lewis" or "Defendant Lewis") (collectively, the "Hamline Defendants") for breach of contract (Count III against Hamline) and intentional interference with employment contract (Count II against Dean Lewis) without prejudice based on the lack of federal subject matter jurisdiction. *Id.* Defendant Lewis objects to the R & R to the extent that it recommends dismissal without prejudice of Count II

(intentional interference with employment contract).   Defendant Lewis respectfully requests dismissal of Count II *with* prejudice and on the merits, consistent with the dispositive findings by Magistrate Judge Boylan on the Section 1983 claim.

## II.    STANDARD OF REVIEW

The Court conducts a *de novo* review of an objecting party's objections to a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72 (b) and D. Minn. L. R. 72.2(b).[1]

## III.   THE COURT SHOULD DISMISS WITH PREJUDICE PLAINTIFF'S CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACT AGAINST DEFENDANT LEWIS.

### A.    *The Magistrate Judge Determined The Conspiracy Allegations to be Insufficiently Pled.*

In his recommended findings, Magistrate Judge Boylan reached the following conclusion, *inter alia*:

> [Plaintiff's] conclusory allegations that the Hamline Defendants "were willful participants" in Titus' "retaliation against Magee" are insufficient to plead a claim under Section 1983.  Because **Magee fails to plead facts to establish any plausible claim that the defendants joined together in a conspiracy, with a mutual understanding and meeting of the minds, to deprive Magee of constitutionally-guaranteed rights**, the Court recommends that her Section 1983 claim be dismissed.

(R & R at 24). (emphasis added).  The Magistrate Judge's conclusion was that there is no substantive allegation sufficient to state a claim that the Hamline Defendants, including Dean Lewis, either conspired or intended to deprive Plaintiff of her legal rights.  To the extent this is the law of the case, it logically follows that Plaintiff has similarly failed to

---

[1] Magistrate Judge Boylan considered the matters in his R & R without oral argument. Therefore there is no transcription of the record required under Local Rule 72.2(b).

properly allege that Dean Lewis acted with the requisite malice to state a claim for intentional interference with her employment contract. Defendant Lewis therefore requests that the District Court exercise its discretion to assert supplemental jurisdiction to dismiss this state law claim on its merits pursuant to 28 U.S.C. § 1367(c)(3).

Plaintiff's allegations in support of her Count II claim for intentional interference with employment contract explicitly incorporates the *same* conspiracy allegations at the heart of her Section 1983 claim. Specifically, Plaintiff's allegations regarding her Count II read in full as follows:

> 26. A valid contract existed between Magee and Hamline University. Defendant Lewis knew about Magee's employment contract with Hamline. Defendant Lewis maliciously interfered with Magee's employment contract. Lewis intentionally induced Hamline to suspend and terminate Magee. **Dean Lewis' conduct was not justified and was illegal (working together with police to retaliate against Magee for exercising her First Amendment rights.)**

> 27. The intentional interference caused the suspension and then the termination of Magee's employment contract and tenure. As a direct or proximate result of the defamation [sic], Magee has been damaged in an amount in excess of $50,000 to be proven at trial.

(Complaint ¶¶ 26 and 27) (emphasis added).

Plaintiff therefore rests her intentional interference claim on exactly the same allegations that Magistrate Judge Boylan found to be insufficiently pled to support a Section 1983 claim. Plaintiff is bound by her allegations and cannot run away from them. *Knudsen v. U.S.*, 254 F.3d 747, 752 (8th Cir. 2001). As a matter of collateral estoppel,[2] if the allegation that Dean Lewis was "working together with police to retaliate

---

[2] Under the doctrine of collateral estoppel, also known as issue preclusion, "when an issue

3

against Magee for exercising her First Amendment rights" is too conclusory to support Plaintiff's Section 1983 claim, it is also too conclusory to support an intentional interference claim.

### B. The Magistrate Judge Denied Plaintiff's Motion to Add Titus and the Federation to the Intentional Interference Claim.

In her proposed Amended Complaint, Plaintiff sought to amend her Count II-intentional interference with employment contract and to add David Titus and the St. Paul Police Federation as Defendants on the claim. *See* Proposed Amended Complaint at ¶¶ 131-132 [DOC 32]. Magistrate Judge Boylan ordered that Magee be allowed to amend her Complaint to add some factual allegations but also ordered that she not be allowed to amend her intentional interference claim.  (R & R at 25).[3]  Magistrate Judge Boylan denied, however, that portion of Plaintiff's Motion seeking to assert an intentional interference claim against Defendants Titus and the St. Paul Police Federation, two of the three actors in the alleged conspiracy, because the proposed amendment would be "futile." *Id.* at 13.  As he concluded, "Magee has not pleaded facts from which the Court

---

of ultimate fact has been determined by a valid judgment, it may not again be litigated between the same parties." *Liberty Mut. Ins. Co. v. FAG Bearings Corp.*, 335 F.3d 752, 758 (8th Cir. 2003) (citation omitted).  Collateral estoppel "**relates to the sub-elements and facts one must prove up in order to sustain an overarching cause of action**." *Lundquist v. Rice Mem'l Hosp.*, No. 04-1685, 121 Fed. Appx. 664, 668, 2005 U.S. App. Lexis 1253, (8th Cir. Jan. 26, 2005) (unpublished) (emphasis added).

[3] Plaintiff was instructed to file an amended Complaint by October 22, 2012.  (R & R at 25). On October 25, 2012 she filed a First Amended Complaint [DOC 57].  Plaintiff's First Amended Complaint includes allegations and claims that were expressly disallowed by Magistrate Judge Boylan's Order, including, *inter alia*, amendments to Count II and the addition of Titus and the St. Paul Police Federation as defendants on Count II. The Hamline Defendants therefore intend to file a Motion to Strike the Amended Complaint as inconsistent with Magistrate Judge Boylan's Order.

could conclude that her claim that Titus and the SPPF intentionally procured Hamline's breach of the Faculty Handbook procedural provisions is plausible." *Id.* Dean Lewis should also be dismissed on this claim for the same rationale.

### C.    *Plaintiff's Intentional Interference Claim Fails on the Merits.*

To state a valid claim for intentional interference with contract, Plaintiff must allege: (1) the existence of a contract; (2) Dean Lewis's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages. *Kjesbo v. Ricks*, 517 N.W.2d 585, 588 (Minn. 1994).

The actions of a corporate or institutional officer or agent acting pursuant to his company duties are considered to be the actions of the corporation. *Nordling v. N. States Power Co.*, 478 N.W.2d 498, 505 (Minn. 1991). "The general rule is that a party cannot interfere with its own contract." *Id.* (citing *Bouten v. Richard Miller Homes, Inc.*, 321 N.W.2d 895, 900-01 (Minn. 1982)). Therefore, in the employment context, an "employee's dispute is with the company employer for breach of contract, not the agent individually for a tort." *Id.* "An officer, agent, or employee of a company is privileged to interfere with another employee's employment contract with the company if that person acts in good faith, whether competently or not, believing that his or her actions are in furtherance of the company's business." *Wallin v. Minn. Dept. of Corrections*, 598 N.W.2d 393, 401 (Minn. Ct. App. 1999); *see also Burt v. Yanisch*, No. CX-02-7705, 2004 Minn. App. LEXIS 961 at *15-16. (Minn. Ct. App. 2004) (holding that "[i]f a corporation's officer or agent acting pursuant to his company duties terminates an employee, the actions are those of the corporation"). Stated differently, "officers of a

corporation are shielded from personal liability for interference with contracts if they merely cause the corporation not to perform the contract." *Furlev Sales & Assoc., Inc. v. N. Am. Auto. Warehouse*, 325 N.W.2d 20, 26 (Minn. 1982).

This rule is consistent with the policy articulated by the Minnesota Supreme Court that claims against officers and directors are not favored: "[t]o allow the officer or agent to be sued and to be personally liable would chill corporate personnel from performing their duties and would be contrary to the limited liability according to incorporation." *Nordling*, 478 N.W.2d at 505-06; *see also Furlev Sales*, 325 N.W.2d at 26 (explaining that "[t]o hold otherwise would burden corporate officers from acting in the best interests of the corporation."). "Even a malicious or bad faith motive of a party to a contract causing a breach does not convert a contract action into a tort action." *Furlev Sales*, 325 N.W.2d at 26.

In this case, Plaintiff's tortious interference claim is premised upon Dean Lewis's alleged conduct while acting in his role as Dean. This is the *same* alleged conduct that Plaintiff pointed to in support of her Section 1983 claims which have been recommended for dismissal. *See, e.g.*, Compl. ¶ 13 ("Lewis wanted to get rid of Magee from Hamline in order to please police."), ¶ 15 ("Lewis suspended Magee."), ¶ 17 ("Hamline University, led by Dean Lewis, pushed termination proceedings, or to 'de-tenure' [Plaintiff]."), ¶ 18 ("Dean Lewis worked in concert with police to get Magee terminated from her position at Hamline . . . ."), ¶ 26 ("Lewis intentionally induced Hamline to suspend and terminate Magee."). Indeed, unlike Defendant David Titus, Dean Lewis is not being sued in his individual capacity according to the caption of the Complaint.

Thus, Dean Lewis's alleged actions as Dean are considered to be the actions of Hamline University.  *See Nordling*, 478 N.W.2d at 505-06; *see also Furlev Sales*, 325 N.W.2d at 26.  Because Hamline University cannot interfere with its own contract, Plaintiff cannot rely on Dean Lewis's conduct as Dean of Hamline University School of Law as a basis for a tortious interference with contract claim.

A limited exception to the general rule applies when a corporate officer or agent acts outside the scope of his duties.  *Nordling*, 478 N.W.2d at 506.  Recognizing the need to "balance the discharged employee's need for a remedy against the concern not to chill company personnel in the performance of their duties" in cases where the alleged defendant interferer is employed by the same company as the plaintiff, the Minnesota Supreme Court has stated that it is the plaintiff's burden of proof to show malice on an improper interference claim.  *Id*. at 506–507.  This malice must be actual malice.  *Id*. at 506.  Thus, in order to pursue a claim for intentional inference with a contract against an officer of the employer, the plaintiff must show that the officer was motivated by personal malice designed to end the plaintiff's employment:

> [A] company officer, agent or employee is privileged to interfere with or cause a breach of another employee's employment contract with the company, if that person acts in good faith, whether competently or not, believing that his actions are in furtherance of the company's business. This privilege may be lost, however, if the defendant's actions are predominantly motivated by malice and bad faith, that is, by personal ill-will, spite, hostility, or a deliberate intent to harm the plaintiff employee.

*Id*.  In this regard the intentional interference claim is equivalent to Plaintiff's Section 1983 claim which requires that she show that Dean Lewis intended to deprive her of her legal rights under the Constitution.  Magistrate Judge Boylan has determined that

Plaintiff has not met her burden under Section 1983 and ordered she has not stated a viable intentional interference claim against Defendants Titus and St. Paul Police Federation. For the same reasons, this Court should dismiss her intentional interference claim against Dean Lewis on the merits.

Plaintiff's intentional interference with contract allegations are insufficient as a matter of law. Accordingly, the Court should dismiss Plaintiff's claim for intentional interference with contract (Count II) against Dean Lewis with prejudice, for the same reasons it should follow Magistrate Judge Boylan's recommendation to dismiss the Section 1983 claims with prejudice and his order disallowing an intentional interference claim against Defendants Titus and the St. Paul Police Federation.

## IV.   THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER COUNT II IN THE INTERESTS OF JUDICIAL ECONOMY.

Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As a general matter, "when federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims." *Stokes v. Lokken*, 644 F.2d 779, 785 (8th Cir. 1981), citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 16 L. Ed. 2d 218, 86 S.Ct. 1130 (1966). In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988), however, the Supreme Court clarified that this statement, "does not establish a mandatory rule to be applied inflexibly in all cases." *Id*. Factors to be considered under the pendant jurisdiction doctrine are "judicial economy, convenience, fairness and comity." *Id*. The

doctrine of pendant jurisdiction thus is a doctrine of flexibility, "designed to allow courts to deal with cases involving pendant claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* at 484 U.S. 343, 350. *See also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 221 (8th Cir. 1990) (noting that, in determining whether to exercise supplemental jurisdiction, courts consider factors such as judicial efficiency,  convenience, and fairness to the litigants.)

In *Curtis v. Sears, Roebuck & Company*, 754 F.2d 781 (8th Cir. 1985), the Eighth Circuit interpreted *Gibbs* to mean that when the federal claim drops out before trial, "and **a complete trial of the facts would be necessary to determine the state claim**, the federal court should not proceed with such a trial.  Rather, the parties should be remitted to the state courts for this purpose." *Curtis* at 785 (emphasis added).  That is not the case here.  Defendant Lewis requests that the Court dismiss Count II pursuant to Rule 12 of the Federal Rules of Civil Procedure without a trial.  "One of the most important factors is an assessment of how much more work the federal court would have to do to dispose of the state claim, [once] the federal claim has dropped out before trial." *Id.*  In this case, minimal additional work is required on behalf of the court and dismissal serves the interests of judicial economy by properly disposing of all claims related to the same conspiracy allegations, leaving only Plaintiff's breach of contract claim dismissed without prejudice.

When the state claim is "based upon the same facts that also underlie a federal theory of recovery," as here, it makes sense to dismiss the ancillary state claim because it is "part and parcel of the main claim and of the [resolution] of that claim, and the hair

9

should follow the hide." *Id*.   In this case, the Court should assert its supplemental jurisdiction in order to dismiss Count II on the merits as a matter of judicial economy.

## V.   CONCLUSION

For the foregoing reasons, Defendant Lewis respectfully asks the Court to dismiss Count II (intentional interference with employment contract) with prejudice and otherwise adopt the R & R of Magistrate Judge Boylan.


Dated: October 29, 2012.          JACKSON LEWIS LLP


                                  *s/V. John Ella*
                                  Maurice G. Jenkins, MI Bar # P33083
                                  V. John Ella #249282
                                  225 South Sixth Street, Suite 3850
                                  Minneapolis, MN  55402
                                  T:  (612) 341-8131

                                  FELHABER, LARSON, FENLON & VOGT, P.A.

                                  Sara Gullickson McGrane #233213
                                  Grant T. Collins #0390654
                                  220 South Sixth Street
                                  Suite 2200
                                  Minneapolis, Minnesota 55402
                                  T:  (612) 339-6321

                                  ATTORNEYS FOR DEFENDANTS
                                  TRUSTEES OF THE HAMLINE UNIVERSITY
                                  AND DONALD LEWIS

4818-2917-3009, v.  1